```
                   United States District Court
                     District of Massachusetts
 _____
                                     )
Xujian Ren,                          )
                                     )
         Plaintiff,                  )
                                     )
     v.                              )
                                     )    Civil Action No.
Keolis Commuter Services, LLC        )    19-12587-NMG
                                     )
         Defendant.                  )
                                     )
                                     )
                                     )
 _____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In this case, Xujian Ren ("Ren" or "plaintiff") challenges the termination of his employment by Keolis Commuter Services, LLC ("Keolis" or "defendant"), alleging that it was based upon discriminatory motives. Pending before the Court is plaintiff's motion for leave to file first amended complaint in which he seeks 1) to remove two voluntarily dismissed counts and 2) to add one count for unlawful retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2615 ("the FMLA"). For the reasons that follow, the Court will allow the motion, in part, and deny it, in part.

**I.   Background**

Beginning in 2006, Ren worked as an Assistant Conductor for the predecessor of Keolis. In July, 2014, Keolis assumed the

operation and maintenance of the commuter rail system of the Massachusetts Bay Transportation Authority ("MBTA"), at which time plaintiff became an Assistant Conductor for Keolis. He alleges that he remained so employed until he was accused of submitting a falsified timesheet in December, 2016. In January, 2017, following an internal investigative hearing, Ren's employment was terminated for "knowingly, willfully and dishonestly falsified payroll documents," a charge plaintiff avers was a pretext.

Nine months after his termination, Ren filed a complaint with the Massachusetts Commissions Against Discrimination ("the MCAD"), contending that Keolis discriminated against him on the basis of his race or national origin. In August, 2018, plaintiff withdrew that complaint in order to pursue this action.

In November, 2019, Ren filed a complaint against Keolis in Massachusetts Superior Court alleging four counts: unlawful discrimination on the basis of race and national origin in violation of the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B, §§ 4(1), 4(1B) (Count I) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. (Count II) and unlawful discrimination and disparate treatment on the basis of age in violation of M.G.L. c. 151B, § 4(1C) (Count III) and

the Age Discrimination in Employment Act, 29 U.S.C. § 623 et seq. (Count IV).

Defendant removed the action to this Court on federal question grounds in December, 2019 and plaintiff voluntarily dismissed Counts III and IV a few weeks later.  In January, 2020, defendant filed an answer to the complaint, after which plaintiff moved for leave to file the first amended complaint ("FAC") (appended to his motion) which seeks 1) to reflect the voluntary dismissal of Counts III and IV and 2) to add a claim for unlawful retaliation in violation of the FMLA.

In support of his FMLA claim, plaintiff alleges he was granted leave pursuant to FMLA but that, "[w]ithin the weeks" following his return, an unsigned note was placed in his personnel file "purporting to be a formal warning about his time sheets" in order to create a "paper trail" to justify terminating his employment.  Plaintiff also asserts that other employees who were accused of falsifying their timesheets but did not take leave under the FMLA were not terminated.

II. **Motion to Amend Complaint**

   **A. Legal Standard**

A party may amend its pleading by leave of the court, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(1).  Rule 15(a) gives courts wide discretion in deciding whether to allow or deny leave to amend. U.S. ex rel.

Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). One reason to deny leave to amend is futility of amendment. Id.

In assessing futility, the court applies "the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman v. Computervision Corp., 90 F.3 617, 623 (1st Cir. 1996). To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**B. Family Medical Leave Act**

The FMLA prohibits employers from retaliating against employees who choose to exercise their rights under the Act. See Carrero-Ijeda v. Autoridad e Energia Electrica, 755 F.3d 711, 719 (1st Cir. 2014). Thus, an employer may not consider as an adverse factor with respect to employment, for instance, the decision of an employee to take leave pursuant to the FMLA. Id.

To establish a prima facie case for retaliation under the FMLA, a plaintiff must show that

> (1) he availed himself of a protected right under the FMLA;
> (2) he was adversely affected by an employment decision;
> (3) there is a causal connection between the employee's protected activity and the employer's adverse employment action.

Hodgens v. General Dynamics Corp., 144 F.3d 151, 161 (1st Cir. 1998); Carrero-Ojeda, 755 F.3d at 718 (explaining that, although a plaintiff need not plead facts sufficient to establish the elements of prima facie case, "[t]hose elements are part of the background against which a plausibility determination should be made" (brackets in original) (internal citation omitted)).  To demonstrate a causal connection, the plaintiff must show more than chronological proximity between the leave and termination. Carrero-Ojeda, 755 F.3d at 720.

Plaintiff's FAC fails to state a claim for retaliation under the FMLA because it

> offers too little to connect [his] taking of FMLA leave and [his] termination to push [his] claim across the plausibility threshold.

Id. at 720.  Plaintiff pleads no facts in support of his retaliation claim beyond the attenuated allegation that, "within weeks after the end of Plaintiff's leave," a warning about his timesheet was placed in his personnel file and, four months later, his employment was terminated. See Haglund v. Estee Lauder Companies, Inc., --- F. Supp. 3d ---, 2020 WL 3086072, at

\*3 (D. Mass. June 10, 2020) (stating that attenuated temporal proximity is insufficient to state a claim for FMLA retaliation).  Although plaintiff adds the conclusory allegation that other employees who did not take FMLA leave but were likewise accused of falsifying timesheets were not terminated, the FAC still falls short of the plausibility threshold as to the causal connection between his leave and his termination.

Missing from the FAC are any allegations that plausibly show that Keolis considered plaintiff's FMLA leave in deciding to terminate his employment.  The FAC does not aver, for instance, any allegation of derogatory comments or expressions of reluctance by supervisors or co-workers with respect to plaintiff's decision to take leave. See Carrero-Ojeda, 755 F.3d at 720 (dismissing an FMLA retaliation claim because plaintiff "gives no facts beyond the timing of her discharge—e.g., no negative comments, complaints, or expressions of reluctance by her superiors or co-workers about her taking leave.").  Accordingly, plaintiff has failed to state a plausible claim of FMLA retaliation in the FAC.  The Court will, therefore, deny his motion insofar as it seeks to add such a claim to his complaint.

**ORDER**

For the foregoing reasons, plaintiff's motion to amend his complaint (Docket No. 23) is, with respect to his voluntary withdrawal of Counts III and IV, **ALLOWED**, but otherwise **DENIED**. **So ordered.**

\s\ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 12, 2020